**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHRISTOPHER JONES** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | **Civ. No. CCB-17-2734** |
| | : | **(Related Crim. No. CCB-14-234)** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |

**JOINT MOTION TO REDUCE SENTENCE**

Petitioner Christopher Jones and the United States of America, by counsel, hereby jointly request, pursuant to 28 U.S.C. § 2255, that the Court grant partial relief with respect to the Petitioner's pending 2255 motion (CCB-14-234 ECF 46) and reduce the sentence currently imposed upon the Petitioner to **time served with no supervised release** in criminal case number CCB-14-234.  In support of this Motion, the parties state as follows:

1.      The Petitioner is currently serving a 12-month sentence for violation of supervised release imposed after a conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g).[1]

2.      The Petitioner has filed a motion, pursuant to 28 U.S.C. § 2255, in which he asserts that his guilty plea was involuntarily induced in violation of due process. The Government does not concede that the Petitioner would be entitled to relief on those grounds.

3.      Nevertheless, the parties are in agreement that the unique circumstances of this case warrant some relief under section 2255 and have prepared this joint motion to request that the Court reduce the petitioner's sentence based on a joint recommendation by the parties.

---

[1] The Court originally sentenced the Petitioner to 41 months incarceration followed by 3 years of supervised release on March 25, 2015.  (CCB-14-234 ECF 22)  On December 21, 2016, the Petitioner was arrested for violated the conditions of his supervised release.  (Id. ECF 27) Subsequently, the Petitioner admitted to violating supervised release and the Court sentenced the Petitioner to 12-months incarceration, followed by 1 year of supervised release.  (Id. ECF 40).

4.      Section 2255(b) of Title 28 provides that, if a district court determines that a Petitioner is entitled to relief under the statute, it may vacate and set aside the conviction, discharge the prisoner, grant a new trial, or may "correct the sentence as may appear appropriate." That provision confers a "broad and flexible" power to district courts to fashion an "appropriate remedy" in 2255 cases. *See United States v. Hillary*, 106 F.3d 1170, 1171-72 (4th Cir. 1997) (quoting *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992)). In this case, and in light of the broad discretion afforded the Court here, the parties have conferred on the issues raised in the Petitioner's anticipated Motion, on the case in general, and on the facts of the crime of which the Petitioner was convicted. Taking into consideration those circumstances, as well as the factors set forth in 18 U.S.C. § 3553(a) (setting forth the factors and purposes to be considered at sentencing), the parties have agreed to recommend that the Court grant partial 2255 relief as follows: that the sentence of 12 months imprisonment be reduced to **time served, and that no term of supervised release be imposed.**

5.      The parties believe that the requested, modified sentence represents a reasonable resolution of the issues raised in the Petitioner's 2255 Motion (taking into account the Petitioner's claims in his Motion, the government's arguments in opposition, and the possibility of a re-sentencing in the event that the Petitioner were to prevail in the Motion). The parties also believe that the sentence recommended above is a reasonable and appropriate sentence, taking into consideration the factors, purposes and needs set forth in 18 U.S.C. § 3553(a). Specifically, the parties agree that the recommended sentence, when considered in light of the period of imprisonment the Petitioner has already served, properly accounts for the nature and seriousness of the offense, the Petitioner's personal history and characteristics (including the Petitioner's argument that he would not have been subject to an enhanced sentence for his drug conviction), and the need for the sentence to promote respect for the law, deter future crimes by the Petitioner

and by others, and protect the community from further crimes by the Petitioner.  The recommended sentence, again taking into consideration the period of imprisonment already served by the Petitioner and the circumstances set forth in the Petitioner's pending Motion to Vacate, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, the United States and the Petitioner respectfully request that the Court grant partial relief with respect to the Petitioner's Motion to Vacate, as set forth above.

Stephen M. Schenning
Acting United States Attorney


By: _____/s/_____              _____/s/_____
Patricia McLane                                    C. Justin Brown, Esq.
Assistant United States Attorney                   Counsel for the Petitioner